Patrick M. Flatley
United States Bankruptcy Judge

Dated: Thursday, December 06, 2012 1:40:31 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT T. HUGHES, | ) | Case No. 11-01933 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| ROBERT T. HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 11-00116 |
| | ) | |
| AMERICAN EDUCATION SERVICES, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION, and UNITED STATES | ) | |
| DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

The United States Department of Education ("USDOE") seeks dismissal of this proceeding under Fed. R. Civ. P. 12(b)(1) and (6) because Robert T. Hughes ("Debtor") consolidated his students loans after filing bankruptcy. The Debtor, acting *pro se*, contends that dismissal is unwarranted because this court instructed him during a telephonic status conference to consolidate his student loans if he wished to discharge them in bankruptcy. For the reasons stated below, the court grants the USDOE's motion to dismiss because the Debtor's complaint fails to state a claim upon which relief can be granted.

## I. BACKGROUND

1

On November 9, 2011, the Debtor filed his Chapter 7 petition and this adversary proceeding against the USDOE and others. The Debtor's complaint requests a discharge of his student loans because they create an undue hardship. *See* 11 U.S.C. § 523(a)(8). On February 7, 2012, he received a Chapter 7 discharge and his case was closed.

On April 13, 2012, the Debtor entered into a consolidated loan agreement with the USDOE. The agreement was made pursuant to the Federal Family Education Loan Program ("FFELP"). Under this agreement, the Debtor consolidated all of his prepetition student loans: In section C1 of his Federal Direct Consolidated Loan Application and Promissory Note, the Debtor indicated that all of the loans held by USDOE, the loans guaranteed by Education Credit Management Corporation ("ECMC"), and the loan held by Bethany College be consolidated into one loan. On Form OMB No. 1845-0014, the Debtor selected as his method of repayment the income-based repayment plan. The USDOE approved the Debtor's application and granted him a consolidated loan in the amount of $28,887.58. On June 21, 2012, the holders of the Debtor's prepetition student loans were sent disbursements which fully satisfied his prepetition student loan debt. On July 10, 2012, the Debtor and ECMC, one of the named defendants, submitted an agreed order dismissing this adversary proceeding against ECMC "on the basis that Debtor has applied to the William D. Ford Income Based Repayment Program."

## II. STANDARD OF REVIEW

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b) (incorporating Fed. R. Civ. P. 12(b)(6) in adversary proceedings in bankruptcy). A complaint must plead "sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). The movant bears the burden to demonstrate that no plausible claim has been alleged. The court must evaluate whether the allegations in the complaint provide for relief under any legal theory, and "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1993). Notably, courts universally accept that they are to construe complaints in a light favorable to the plaintiff, take factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. 5C Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1357 (3d. ed. 2012) (collecting hundreds of cases).

### III. DISCUSSION

The USDOE argues for dismissal of this adversary proceeding on two grounds. First, the USDOE contends that this court lacks subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because bankruptcy courts cannot adjudicate over debts that were incurred postpetition. The USDOE, relying on the Higher Education Act of 1965, reasons that the Debtor's consolidation loan discharged his prepetition student loans and created a new postpetition obligation such that this court is without jurisdiction to discharge the Debtor's consolidation loan. Second, the USDOE argues that the Debtor's complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) because a Chapter 7 debtor may only discharge debts that arose before the order for relief — debts incurred prior to the filing of a bankruptcy petition. *See* 11 U.S.C. § 727(b). The USDOE concludes that a determination cannot be made under 11 U.S.C. § 523(a)(8) because the student loans the Debtor seeks to discharge no longer exist.

In response, the Debtor asserts that he was instructed by this court at a telephonic status conference, held on March 20, 2012, to consolidate his student loans if he wished to receive a student loan discharge. The Debtor states that his application for consolidation was done in an effort to discharge his student loans. He argues that this case closely resembles *In re Frushour*, 433 F.3d 393 (4th Cir. 2005), and that dismissing it would be akin to finding that "under no circumstances may a student loan, which was not a consolidation loan at the time of bankruptcy filing, be discharged." The Debtor also claims that this court has jurisdiction to discharge his consolidation loan because it is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (D), (I), and (O).

Section 727(b) discharges a debtor from all debts arising before the filing of a bankruptcy petition.[1] § 727(b) (providing that § 727(a) discharges "the debtor from all debts that arose before the date of the order for relief under this chapter"); 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief

---

[1] Section 523, however, provides a list of debts which are not subject to § 727(b)'s discharge; in particular, § 523(a)(8) excepts from discharge debts incurred to finance higher education. Educational debts under § 523(a)(8) are presumptively nondischargeable — a student loan debtor must affirmatively seek a dischargeability determination. § 528(a)(8); *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 450 (2004) (explaining that 523(a)(8) is a "self-executing" provision and "[u]nless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt").

under such chapter."). Importantly, § 727(b) does not operate to discharge postpetition debts.[2] The Bankruptcy Code defines a "debt" as liability on a claim; and a "claim" as a right to payment. 11 U.S.C. § 101(5)(A), (12). According to the Supreme Court of the United States, a "right to payment" is "nothing more nor less than an enforceable obligation." *Federal Commc'n Comm'n v. NextWave Personal Commc'n Inc.*, 537 U.S. 293, 294 (2003). Section 727(b) therefore operates to discharge a debtor on prepetition enforceable obligations. Courts look to applicable nonbankruptcy law to determine whether such an obligation exists. *See LTV Steel Co. v. Shalala (In re Chateaugay Corp.)*, 53 F.3d 478, 497 (2d Cir. 1995).

Under the FFELP, a lender that consolidates student loans must use the proceeds to pay the holder of the loans selected for consolidation. 20 U.S.C. § 1078–3(b)(1)(D) (requiring the proceeds of each consolidation loan to be paid by the lender to the holder(s) of the loans selected to discharge). *See generally* 20 U.S.C. § 1071, *et seq.* (governing provisions of the FFELP). Using the proceeds to pay the original holder(s) of the consolidated obligation discharges the obligor's liability on those loans. § 1078–3(b)(1)(D). And the consolidation loan constitutes a "new loan[]." 20 U.S.C. § 1078-3(e) ("Loans made under this section which are insured by the Secretary shall be considered to be *new loans* made to students for the purpose of section 1074(a) of this title.") (emphasis added). Thus, consolidation under FFELP extinguishes the original student loans and creates a new enforceable obligation. *E.g.*, *Resurrection Medical Center v. Lakemaker, (In re Lakemaker)*, 241 B.R. 577, 581 (Bankr. N.D. Ill. 1999) ("A consolidation loan is considered to be a new loan which pays the balances owed on previous loans, extinguishing the original loans and all rights and duties thereunder, and creating new rights and obligations in the new loan."); *Martin v. Great Lakes Higher Educ. Corp. (In re Martin)*, 137 B.R. 770, 772 (Bankr. W.D. Mo. 1992).

When a debtor enters into consolidation under FFELP after filing bankruptcy, the consolidation loan discharges the prepetition student loan debt and a postpetition debt arises. *Grubin v. Sallie Mae Servicing Corp., et al. (In re Grubin)*, 476 B.R. 699, 709 (Bankr. E.D.N.Y. 2012) ("It is settled that, where a debtor incurs student loan debt pre-petition, but then enters into a post-petition agreement to consolidate that debt, the consolidation agreement extinguishes the pre-petition debt and gives rise to new, post-petition debt."). Because consolidating loans

---

[2] Some debts arising postpetition may be subject to § 727(b), but the exceptions are quite limited. *See* 11 U.S.C. §§ 365(g)(1), 502(g).

postpetition gives rise to new debt, it is not subject to discharge under § 727(b). *Clarke v. Paige (In re Clarke)*, 266 B.R. 301, 309 (Bankr. E.D. Pa. 2001) (holding that consolidation of prepetition student loans postpetition is nondischargeable under § 727(b)).

Here, the Debtor's adversary proceeding seeks to discharge student loans that no longer exist. On April 24, 2012, the USDOE received a completed Federal Direct Consolidated Loan Application and Promissory Note from the Debtor; he selected the income-based repayment plan as his method of repayment; he was ultimately granted a consolidation loan in the amount of $28,887.58; and notably, on June 21, 2012, the holders of the Debtor's prepetition student loans — USDOE, ECMC, and Bethany College — were paid in full with the proceeds of his consolidation loan. Consequently, the Debtor's prepetition student loans have been already been discharged. § 1078–3(b)(1)(D); *see also In re Grubin*, 476 B.R. at 709-10.

Additionally, the Bankruptcy Code does not permit the court to discharge the Debtor's consolidation loan. By consolidating his student loans, he created a new enforceable obligation: his first obligation (payment) became due after the filing of his bankruptcy petition. And therefore, the Debtor's consolidation loan creates a postpetition debt. *E.g.*, *Hiatt v. Ind. State Student Assistance Comm'n*, 36 F.3d 21, 23 (7th Cir. 1994); *In re Clark*, 266 B.R. at 307. Accordingly, the court concludes that the Debtor's consolidation loan is not subject to discharge under § 727(b) nor this court's discharge order of February 7, 2012. Because the Debtor's prepetition student loans no longer exist and his consolidation loan cannot be discharged in this bankruptcy proceeding, his complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Debtor erroneously alleges that this court instructed him to consolidate his student loans. Per review of the March 20, 2012 telephonic status conference, this court made no such intimation; in fact, the court quite emphatically relayed to the Debtor, USDOE, and ECMC that it is not in the business of brokering deals between parties, and that it is up to the parties to decide if consolidation is something they wish to consider. The court did not dictate a particular course of action in this regard nor require the parties to discuss consolidation with one another. The only time the court mentioned consolidation was in response to the Debtor's question on *In re Frushour*; in which the court explained that a debtor's efforts to seek out consolidation options is a component of the good-faith inquiry under *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987).

The Debtor also mistakenly relies on *In re Frushour*. A dispositive difference exists between *Frushour* and this case: The Debtor entered into a consolidation agreement postpetition, whereas the debtor in *Frushour* explicitly declined consolidation. Notwithstanding this paramount difference, any examination under *Frushour* ends before it begins; any undue hardship analysis is unnecessary as the student loans he seeks to discharge have been extinguished by his consolidation loan. The court appreciates that the Debtor's "application and approval for a consolidation loan was taken in consideration of determining the dischargability [sic] of" his student loans, but that does not change the unassailable fact that he took out a consolidation loan that was used to pay off his student loan lenders.[3] If the Debtor declined to consolidate his student loans, his prepetition student loan liability would continue through bankruptcy and be subject to an undue hardship determination under § 523(a)(8). However, "nothing in § 523(a)(8) excepts postpetition education debt, even where it may place an undue hardship upon the debtor." *In re Clarke*, 266 B.R. at 309.

## IV. CONCLUSION

For the above-stated reasons, the court grants the USDOE's motion to dismiss. A separate order will be entered contemporaneously with this memorandum opinion pursuant to Fed. R. Bankr. P. 9021.

---

[3] The Debtor seemingly understood the consequences of consolidating his student loans after filing bankruptcy. In the Debtor's Motion for Inclusion of Consolidation Loan To Be Included In Determination Of Dischargibility Of Student Loan Debt (Doc. No. 54), filed April 19, 2012, he states that his "general understanding is that loans applied for after application for bankruptcy may not be discharged by that same bankruptcy." His motion sought reassurance from this court that his consolidation loan "will be included as a portion of the student loans being considered" in this adversary proceeding. The court did not respond to the Debtor's motion which sought guidance because it does not issue advisory opinions.